**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil action No.  1:14-cv-00735-LTB-CBS

P&S LLC, a Colorado Limited Liability Company,

     Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA., a Capital Stock Company,

     Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

     Plaintiff P&S LLC and Defendant National Union Fire Insurance Company of Pittsburgh, Pa. (each individually a "Party" and collectively the "Parties"), by and through their respective counsel, hereby stipulate to the following Protective Order pursuant to Fed. R. Civ. P. 26(c).

     1.    Each document furnished in this litigation by a party or its representatives that contains or reveals any confidential business information, trade secrets, proprietary business information, or confidential matter that may be protected pursuant to Fed. R. Civ. P. 26(c) may be designated "CONFIDENTIAL" by stamping on each page of the document the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or, where sufficient space is not available, "CONFIDENTIAL." Information labeled according to this Protective Order is referred to as "Confidential Information." Confidential Information shall be used solely for the purposes of this action.

2.  For purposes of this Protective Order, the term "document" shall include all discovery materials or information in any form or medium whatsoever, including, without limitation, any written or printed matter, any photograph, drawing, chart, design, or other pictorial representation, and any electronic, magnetic or photographic recording, whether tape, film, disk, microfiche, or any other medium, whether discovered formally or informally, produced voluntarily or involuntarily, pursuant to request or process, or in accordance with the Federal Rules of Civil Procedure or otherwise, including but not limited to Fed. R. Civ. P. 26(a) disclosures, interrogatory answers, responses to request for admission, documents produced in response to document requests, deposition testimony, deposition transcripts and exhibits, trial exhibits, hearing or trial transcripts, any portion or summary of any of the foregoing, and any other papers that quote from, reflect, reveal or summarize any of the foregoing.

3.  Disclosure of documents designated as CONFIDENTIAL by any party in this action may be made only to "Qualified Persons." As used herein "Qualified Persons" means:

   a.  The attorneys, paralegal, and clerical staff employed directly under the supervision and control of the named counsel of record for each party, whom such counsel shall determine have the need to have access to Confidential Information;

   b.  Corporate representatives of the Parties which includes officers, directors, employees, agents, auditors and reinsurers of the Parties;

   c.  Independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of this litigation, under the conditions set forth in paragraph 4 below;

    d.  The Court, under seal, including any person employed by the Court whose duties require access to Confidential Information;

    e.  Vendors and consultants retained by counsel of record for action, including photocopy and trial graphics services.

    f.  Any governmental, regulatory or administrative agencies to whom a party hereto is subject;

    g.  Any person who prepared or originated the Confidential Information, who is indicated on the face of the Document as a recipient thereof, or who otherwise lawfully received a copy of the Document or other materials constituting Confidential Information; and

    h.  Such other persons as counsel may agree upon in writing, or ordered by the court, under the conditions set forth in paragraph 4 below.

  4.  All persons to whom Confidential Information is disclosed, other than the Court and Court personnel, the Corporate representatives, governmental, regulatory or administrative agencies, counsel of record, and vendors retained by counsel for this action, prior to any disclosure to them, shall be given a copy of this Order and will be required, as a condition precedent to such disclosure, to sign a confidentiality agreement bearing the caption thereof and stating substantially in the following form:

> "The undersigned has read and understands the Stipulated Protective Order entered in this case on _____, and agrees: (1) that s/he shall fully abide by the terms thereof and agrees to be subject to the jurisdiction of the Court for the purpose of the implementation and enforcement of the Stipulated Protective Order; (2) that s/he shall not disclose CONFIDENTIAL information to or discuss such information with any person who is not authorized pursuant to the terms of the order to receive the disclosure thereof and who has not signed a confidentiality agreement

therein provided; and (3) that s/he shall not use said CONFIDENTIAL information for any purposes other than for the purposes of this litigation."

Counsel disclosing Confidential Information shall maintain a record of all persons to whom Confidential Information is disclosed.

5. If any Confidential Information is to be filed or offered in any hearing, trial, or other proceeding, the Party filing or offering such information shall seek to protect the confidentiality of the information pursuant to D.C.COLO.L.Civ.R. 7.2 by filing a motion to restrict access to a Level I restriction, unless the Party who designated the material as Confidential agrees otherwise.

6. Production of Confidential Information shall not in any way constitute a waiver of rights to raise or assert any argument or objections as to the discoverability, relevance and/or admissibility in this action of any of the documents exchanged pursuant to this Order. Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a "Confidentiality" designation under this Order shall not be admissible for any purpose.

7. If any Confidential Information is inadvertently disclosed or provided without being marked as CONFIDENTIAL in accordance with this Order, the failure to so designate or mark the material shall not be deemed a waiver of its confidentiality. Upon notice of the inadvertent disclosure, the information shall be treated as Confidential Information. If, prior to receiving such notice, the Confidential Information has been disseminated to person(s) not authorized to receive it, reasonable and good faith efforts to retrieve the Confidential Information and to otherwise assure that the recipient maintains the confidentiality of the Confidential Information shall be made.

8. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege, and nothing in this Protective Order shall require production of information that the Parties contend is protected from disclosure by the attorney-client privilege or other recognized privileges. Inadvertent production of privileged information shall not waive any relevant privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall promptly return all copies of documents containing the privileged information, delete any version of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

9. If a Party believes that a document designated "Confidential" or sought to be designated "Confidential" does not warrant such designation, it shall first make a good faith effort to resolve such dispute with opposing counsel. In the event that such a dispute cannot be resolved by the Parties, either Party may apply to the Court for a determination as to whether the designation is appropriate.

10. Within thirty (30) days after receiving notice of the entry of a final nonappealable order, judgment or settlement, all Parties and non-parties receiving Confidential Information shall, at the option of such Party or non-party and absent a court order or written agreement to the contrary, either (i) return such documents, information and all copies thereof to counsel for the producing Party or producing non-party, (ii) maintain in its possession all such documents, information and copies thereof, in conformity with the terms of this Stipulation and Protective Order, or (iii) destroy such documents, information, and copies. In the event the Confidential Information is destroyed, counsel shall certify in writing that such destruction has taken place.

11. Any Party who has received Confidential Information pursuant to this Discovery Confidentiality Order and who receives a lawful subpoena or other compulsory process seeking disclosure of such Confidential Information shall (i) as soon as reasonably practicable make reasonable efforts to give notice thereof to counsel by telephone and facsimile and furnish a copy of the subpoena or other compulsory process to counsel for the party that produced the Confidential Information; and (ii) if application is made to quash the subpoena or other compulsory process, or otherwise to seek a protective order from the court, that Party shall not produce such Confidential Information prior to receiving a court order or the consent of counsel of the other Party. In the event that production of Confidential Information is made notwithstanding such prompt application for relief, it shall continue to be treated as Confidential Information by all persons subject to this Protective Order unless and until the court directs otherwise.

12. Nothing in this order shall be deemed in any way to restrict the use of documents or information which any party lawfully obtains independently of formal discovery in this action, whether or not the same information is also obtained through formal discovery in this action.

13. The terms of this Protective Order shall survive and remain in full force and effect after the termination of this action.

Dated this 16th day of December 2014.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

APPROVED BY COUNSEL:

*s/ Leonard H. MacPhee*

Leonard H. MacPhee
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone:  (303) 291-2300
Facsimile:  (303) 291-2400
Email:   LMacphee@perkinscoie.com

**Attorneys for Plaintiff**

*s/ Timothy R. Macdonald*

Timothy R. Macdonald
Paul W. Rodney
Arnold & Porter LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
Telephone:  (303) 863-1000
Facsimile:  (303) 832-0428
E-mail:Timothy.Macdonald@aporter.com
E-mail: Paul.Rodney@aporter.com

**Attorneys for National Union Fire Insurance Company of Pittsburgh, Pa.**