IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 14-cv-00735-LTB-CBS

P&S LLC,

        Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

        Defendant.

_____

## ORDER
_____

This matter is before me on a Motion for Summary Judgment filed by Defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") in which it seeks entry of judgment in its favor and against Plaintiff, P&S LLC ("P&S"). [**Doc #45**]  Oral arguments would not materially assist me in my determination. After consideration of the parties' briefs and attachments, and for the reason stated, I GRANT National Union's Motion for Summary Judgment and, as such, I DISMISS this case.

### I. BACKGROUND

During the summer of 2007, the manager at P&S contacted Private Escapes Platinum LLC ("Private Escapes") seeking membership in its luxury destination travel club. Mr. Richard Keith was the CEO of Private Escapes. On September 13, 2007, Private Escapes announced it would be merging with Ultimate Resorts LLC, to create a new entity called Ultimate Escapes Holdings, LLC ("Ultimate Escapes").

Before the merger, P&S entered into a Membership Agreement with Private Escapes on December 7, 2007. P&S paid $215,000 to Private Escapes as a membership deposit and agreed to pay annual dues, and future usage fees. P&S asserts that Mr. Keith induced it to enter into the agreement because he represented that P&S's benefits under the Membership Agreement would be protected or grandfathered after the planned merger. In May of 2008, Private Escapes and Ultimate Resorts announced that they had merged to create Ultimate Escapes. Although the timing is unclear, it appears that about that time Mr. Keith became Co-CEO of Ultimate Escapes.

After the merger, P&S was informed that it was now a member of Ultimate Escapes and that the terms of its Membership Agreement with Private Escapes would not be honored. Instead, P&S would be required to sign a new agreement with Ultimate Escapes in order to continue its travel club membership. Thereafter, P&S sought a refund of its membership deposit from Private Escapes. Ultimately, on July 23, 2010, P&S entered into an agreement with Private Escapes and Ultimate Escapes in which Private Escapes and Ultimate Escapes agreed to pay P&S $135,000, in 18 installments, as "a partial refund of the Membership Fee" (the "2010 Settlement Agreement"). After Private Escapes and Ultimate Escapes failed to make the first settlement payment on August 1, 2010, P&S sent them notices of default. Then, on September 15, 2010, P&S filed a lawsuit against Private Escapes and Ultimate Escapes for breach of the 2010 Settlement Agreement. Directly thereafter, on September 20, 2010, Ultimate Escapes filed for Chapter 11 bankruptcy protection. As such, the lawsuit was stayed and eventually administratively closed.

Then, on May 20, 2011, P&S filed a complaint against Private Escapes and Richard Keith, as its CEO, in Denver County District Court (Case No. 11CV3742). In this underlying

lawsuit, P&S alleged that Mr. Keith induced P&S to sign the Membership Agreement with Private Escapes by making misrepresentations about having grandfathered rights after the pending merger. In addition, P&S alleged that they failed to disclose Ultimate Escapes' financial situation when negotiating and signing the 2010 Settlement Agreement. With regard to the underlying lawsuit, Mr. Keith sought defense coverage from Continental Casualty as Private Escapes' insurance carrier who, in turn, provided Mr. Keith a defense. Mr. Keith also sought defense coverage from National Union under the Executive & Organization Liability Insurance Policy # 01-317-72-99 (the "Policy") issued to Ultimate Escapes. National Union declined to provide Mr. Keith with a defense and denied coverage based on the Policy's Specific Entity Exclusion – which provided that National Union ". . . shall not be liable for any Loss in connection with any Claim made against . . . [Private Escapes] . . . and/or any Executive or Employee thereof . . . " – via denial letter dated February 9, 2012.

On February 13, 2013, P&S settled the underlying lawsuit with Private Escapes, Mr. Keith, and Continental Casualty. Continental Casualty agreed to pay P&S $25,000. In addition, Mr. Keith also agreed to a stipulated judgment in P&S's favor (in the amount of $450,000) and assigned his rights against National Union under the Policy to P&S.

P&S then filed this lawsuit (as Mr. Keith's assignee) against National Union in Boulder County District Court (Case No. 14CV30016) on January 8, 2014. National Union filed a Notice of Removal to this Court, on March 11, 2014, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 & 1442. [Doc #1]  In its Amended Complaint, P&S seeks declaratory judgment, damages, and statutory damages with respect to benefits due, but unreasonably withheld by National Union under the Policy issued to Ultimate Escapes. It avers that National

Union owed coverage to Mr. Keith under the Policy for Executive & Organization liability coverage, but has refused to provide coverage. [Doc #32] P&S asserts claims for: 1) Declaratory Judgment, in the form of a declaration that the stipulated judgment in the underlying lawsuit is a loss covered under the Policy; 2) Breach of Contract for refusing or failing to pay loss arising from Mr. Keith's wrongful acts that are covered under the Policy; 3) Breach of Duty of Good Faith and Fair Dealing/Bad Faith Denial of Insurance Coverage; and 4) Violations of Colorado Revised Statutes §10-3-115 and §10-3-116 for unreasonable delay and/or denial of payment for Mr. Keith's claim for benefits under the Policy. [Doc #32]

## II. STANDARD OF REVIEW

National Union seeks summary judgment in its favor on P&S' claims against it and, as such, dismissal of this case. The purpose of a summary judgment motion under Fed.R.Civ.P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Fed.R.Civ.P. 56(c) provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. COVERAGE EXCLUSION

In this motion, National Union argues that the Policy does not provide coverage for P&S's underlying claims pursuant to the "Specific Entity Exclusion" which excludes coverage for any loss in connection with any claim made against Private Escapes or its executives.

National Union asserts that the Specific Entity Exclusion applies, as a matter of law, to bar coverage of the claims in P&S's underlying lawsuit brought against Private Escapes and Richard Keith.

With regard to the law related to insurance contract interpretation, the parties appear to agree that Colorado law applies. In its motion, National Union argues that it prevails "regardless of which state's law is applied," including Colorado. P&S cites to Colorado contract interpretation law in its briefing. Thus, I apply the general standards of insurance contract interpretation as set forth under Colorado law.

An insurance policy is a contract, which should be interpreted consistently with the well-settled principles of contractual interpretation. *Chacon v. Am. Family Mut. Ins. Co.*, 788 P.2d 748, 750 (Colo. 1990). As such, the words of the contract should be given their plain meaning according to common usage, and strained constructions should be avoided. *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 18 (Colo. 1990). Insurance contracts are not to be technically construed, but are to be "construed as they would be understood by a person of ordinary intelligence." *State Farm Mut. Auto. Ins. Co. v. Nissen*, 851 P.2d 165, 167 (Colo.1993) Policy provisions that are clear and unambiguous should be enforced as written. *Chacon v. Am. Family, supra,* 788 P.2d at 750. A policy term is ambiguous if it is reasonably susceptible to more than one meaning. *Terranova v. State Farm Mut. Auto. Ins. Co.*, 800 P.2d 58, 60 (Colo. 1990).

"[T]o benefit from an exclusionary provision in a particular contract of insurance the insurer must establish that the exemption claimed applies in the particular case, and that the exclusions are not subject to any other reasonable interpretation." *Broderick Inv. Co. v. Hartford*

*Acc. & Indem. Co.,* 954 F.2d 601, 606 (10th Cir. 1992)(applying Colorado law); *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1090 (Colo. 1991). The insured has the burden to show that a claim is covered by the policy. Once met, the burden shifts to the insurer to show that a covered claim falls solely and entirely within a policy exclusion. *Prudential Prop. & Cas. Co. v. LaRose*, 919 P.2d 915, 917 (Colo. App. 1996). The interpretation of an insurance policy is a legal question. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002).

Endorsement #34 of the Policy contains the Specific Entity Exclusion, which provides that:

> In consideration of the premium charged, it is hereby understood and agreed that the Insurer shall not be liable for any Loss in connection with any Claim made against or brought by or on behalf of any entity(ies) listed below and/or any Executive or Employee thereof; or by any security holder of the Organization whether directly or derivatively, unless such Claim is instigated and continued totally independent of, or without the intervention of such entity(ies) and/or any Executive or Employee thereof. . . : Private Escapes Holdings, LLC (including any subsidiary or affiliate thereof)

National Union asserts, in support of its motion, that the Specific Entity Exclusion is unambiguous and clearly applies to bar coverage of the claims raised by P&S in the underlying lawsuit against Private Escapes and Mr. Keith. Specifically, the exclusion indicates that National Union is not "liable for *any* Loss ***in connection with*** *any* Claim made against . . . [Private Escapes] . . . and/or any Executive of Employee thereof" (emphasis added). The exclusion only requires that a loss is made "in connection" with a claim against Private Escapes for it to be excluded from coverage. Here, the underlying lawsuit raises claims against Private Escapes and, as such, constitutes a loss in connection with a claim against Private Escapes.

P&S argues, in response, that the Specific Entity Exclusion does not unambiguously preclude coverage. In so arguing, P&S first notes that it is undisputed that the Policy provides broad coverage for the wrongful actions of Ultimate Escape executives when the executive is acting in his or her capacity as executive of Ultimate Escapes. P&S contends that because it alleged, in the underlying lawsuit, that Mr. Keith committed wrongful acts while acting in his capacity as an executive of Ultimate Escapes – specifically, when he made misrepresentations and misleading statements and/or omissions to P&S regarding Ultimate Escape's financial situation and ability to pay its obligation to P&S in the 2010 Settlement Agreement – those wrongful acts are covered by the Policy. And, while the Specific Entity Exclusion precludes coverage of losses when a Private Escapes executive commits a wrongful action, while acting in his or her capacity as an executive of Private Escapes, it should be narrowly interpreted to not apply when it is alleged, as here, that Mr. Keith's alleged wrongful acts were committed on behalf of Ultimate Escapes. *See Continental Western Ins. Co. v. Shay Const., Inc.,* 805 F.Supp.2d 1125, 1128 (D.Colo. 2011)(noting that exclusions and limitations on coverage are to be given a narrow construction). Thus, P&S asserted that to the extent Mr. Keith was acting solely in his capacity as an executive of Ultimate Escapes, the Specific Entity Exclusion does not apply.

In support of this interpretation, P&S relies upon National Union's decision to provide a defense and coverage to Mr. Keith in a lawsuit filed by another Private Escapes member against Ultimate Escapes, Privates Escapes, and Richard Keith acting in his capacity as CEO of Private Escapes and "Co-CEO" of Ultimate Escapes. P&S argues that the facts of that case, as well as the claims raised, are virtually identical to the facts and claims raised here. *See Jupp v. Private*

*Escapes Platinum, LLC, et. al.*, 10-cv-2290-DME-MEH.  Because National Union agreed to provide Mr. Keith with a defense and (ultimately) coverage in that case, it must have made a determination that the Specific Entity Exclusion did not apply.  As a result, P&S asserts that the National Union interpreted the exclusion consistent with coverage for Mr. Keith when his wrongful actions where as an executive of Ultimate Escapes, even when the alleged loss was in connection with a claim made against Private Escapes.  Thus, at a minimum, the exclusion can be reasonably interpreted as to not be applicable here.  As such, P&S argues that it is ambiguous and must be construed in favor of coverage.  *See Continental Western v. Shay Const., supra,* 805 F.Supp.2d at 1128 (if a contractual provision is reasonably susceptible to different meanings, it is ambiguous and must be construed against the drafter and in favor of providing coverage to the insured).

First, to the extent that P&S is asserting that the exclusion does not apply because Keith's wrongful acts can be clearly attributed to either Private Escapes (prior to the merger) or to Ultimate Escapes (after the merger), I find that the minimal case law cited does not support this distinction.  *See Continental Cas. Co. v. Adams,*  2003 WL 22162379 (M.D. Pa. 2003) (unpublished)(holding that claims brought against named insureds were excluded where those claims were closely connected to the named insureds' activities as agents of an uninsured affiliate corporation); *see also Yocum v. St. Paul Mercury Ins. Co.*, 2010 WL 2179137 (E.D. Ark. 2010) (unpublished).

More importantly, I disagree with P&S that the Specific Entity Exclusion is ambiguous.  By its own plain language, the exclusion apply to any loss "in connection with" any claim against Private Escapes or its executives.  Here, the underlying lawsuit is brought against Private

8

Escapes and Mr. Keith in his capacity as a Private Escapes' executive. To the extent that the factual assertions within the complaint include an allegation that Mr. Keith wrongfully acted in the underlying situation as an Ultimate Escapes' executive, it does not change the fact that the loss alleged was in connection with a claim against Private Escapes. As such, it is unambiguously applicable to bar coverage for the loss claimed here.

In so finding, I reject P&S's characterization of National Union's decision to provide a defense and coverage (under a reservation of rights) in a different case as relevant to an interpretation of the unambiguous Specific Entity Exclusion in this matter. While it is clear that the relief sought in that case was based on the same Policy and essentially the same claims as the underlying lawsuit in this case, I disagree that the decision by National Union was based on a reasonable interpretation of the Specific Entity Exclusion. I note that National Union only acknowledged that Mr. Keith was afforded "limited coverage . . . as co-CEO at Ultimate Escapes" and the claims in that case raised were against Ultimate Escapes as a named Defendant.

Furthermore, I reject P&S's argument that an "exception to the exclusion" reinstates coverage in this case. P&S maintains that the Specific Entity Exclusion provides coverage for a claim connected with Private Escapes when it is "instigated and continued totally independent of" Private Escapes and its executives. Because P&S is only seeking coverage for Mr. Keith's wrongful acts done on behalf of Ultimate Escapes (as opposed to his acts taken on behalf of Private Escapes) P&S asserts that the acts are separate and independent and, thus, fall within the exception to the exclusion. First, under the language of the Specific Entity Exclusion, it is not the *acts* of the executive that are at issue, but rather whether the *claim* is instigated and continued totally independent of the entity. Moreover, a reading of the entire Specific Entity Exclusion is

clear that the exception for a claim "instigated and continued totally independent of, or without the intervention of" the excluded entity applies to a loss "by any security holder of the Organization."

Finally, I reject P&S's assertion that the exclusionary language conflicts with Ultimate Escape's objectively reasonable expectations – i.e. that, as the insured, they would expect coverage for Mr. Keith when acting in his capacity as an Ultimate Escape executive – or that an interpretation of the Specific Entity Exclusion defeating coverage "would lead to an absurd result" in that it would preclude coverage in a large number of cases. Such arguments are not only cursory and unsubstantiated, but are contrary to the unambiguous language of the exclusion.

Accordingly, I agree with National Union that the exclusion only requires that the claim against the executive be made in connection with a claim against Private Escapes. Here, the loss sought from Mr. Keith's actions were clearly a loss in connection with a lawsuit against Private Escapes. *See generally Foodtown Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA,* 412 Fed.Appx. 502, 509 (3rd Cir. 2011)(not selected for publication). As such, I agree that the exclusion is unambiguous and applies here. I find that National Union has met its burden to prove that the Specific Entity Exclusion applied with regard to the claim raised against Mr. Keith in the underlying lawsuit as a matter of law. Thus, National Union is entitled to summary judgment as to P&S's claims, as Mr. Keith's assignee, for Declaratory Judgment that Mr. Keith's losses are covered under the Policy, and for Breach of Contract for refusing to pay losses arising from Mr. Keith's wrongful acts.

## IV.  BAD FAITH CLAIMS

In addition, because I have ruled that the plain language of the Specific Entity Exclusion

bars coverage for Mr. Keith in the underlying lawsuit, I likewise conclude that P&S's claims seeking relief under common law and statutory bad faith are likewise foreclosed as a matter of law. *See Prospect Resources, Inc. v. St. Paul Fire & Marine Ins. Co.,* 2012 WL 263394 (D. Colo. 2012) (not selected for publication)(ruling that because it found that the insurer had no duty to defend or indemnify, "no reasonable juror could find that it was unreasonable for the Defendants to deny payment of the claim in this case"); *see also Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.,* 586 F.3d 803, 815 (10th Cir. 2009)(ruling that when an insurer "had no legally cognizable duty to defend or indemnify a claim, plaintiffs' bad faith claim also cannot survive"). As a result, National Union is also entitled to summary judgment as to P&S's claims, as Mr. Keith's assignee, for the Breach of Duty of Good Faith and Fair Dealing/Bad Faith Denial of Insurance Coverage, and for Violations of Colorado Revised Statutes §10-3-115 and §10-3-116.

ACCORDINGLY, I GRANT the Motion for Summary Judgment filed by Defendant, National Union Fire Insurance Company of Pittsburgh, PA. [**Doc #45**] As such, JUDGMENT ENTERS in favor of Defendant and against Plaintiff, P&S LLC, and this case is DISMISSED and COSTS AWARDED to Defendant.

Dated: July  29 , 2015 in Denver, Colorado.

            BY THE COURT:

               s/Lewis T. Babcock
            LEWIS T. BABCOCK, JUDGE